IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES ROANE,
    *Plaintiff*,

v.

HALEY GOSSERAND, *et al.*,
    *Defendants*.

Civil Action No.
25-cv-3526-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles Roane alleges that he entered into a contact in which he "was granted the sole and exclusive right to approve or withhold approval for ***all*** televised performances" of Defendant Haley Gosserand. ECF No. 1-2 ¶¶ 1, 2 (emphasis in original). Plaintiff alleges that Defendants Gosserand, A&E Television Networks, LLC ("A&E"), Swirl Films, LLC ("Swirl Films"), and John Does 1–10 breached this contract by using Ms. Gosserand's name, image, likeness, voice, and persona without Plaintiff's approval. Plaintiff filed a motion for voluntary dismissal without prejudice or alternatively for a temporary stay of proceedings. For the reasons that follow, that motion will be denied because if voluntary dismissal is to be granted, it will be with prejudice.

I.    **Procedural Background**

On June 24, 2025, Plaintiff filed an action in the Southern District of New York "asserting claims arising from the unauthorized commercial use of his client's likeness in the Lifetime film *Pretty Hurts*" against A&E, Swirl Films, and John Does 1–10. ECF No. 18-1 at 4 (citing *Roane v. A&E Television Networks, LLC, et al.*, Case No. 1:25-cv-05286-GHW (S.D.N.Y.)). During a hearing on Plaintiff's emergency motion for

temporary restraining order, Judge Woods pointed out "serious questions about whether Plaintiff's action is properly brought in this court" as the contract at issue provided that "Maryland courts only will have jurisdiction over any controversies regarding this Agreement." ECF No. 13-6, Transcript of Oral Argument, *Roane v. A&E Television Networks, LLC, et al.*, Case No. 1:25-cv-05286-GHW, 54:7–11 (June 27, 2025). Therefore, on July 7, 2025, Plaintiff voluntarily dismissed the S.D.N.Y. action without prejudice and then subsequently filed an action, adding Ms. Gosserand as a defendant, in the Circuit Court of Anne Arundel County, Maryland. ECF No. 18-1 at 5; ECF No. 2. On August 8, 2025, Mr. Roane filed a motion to stay proceedings for medical reasons based on Mr. Roane's need for medical treatments. ECF No. 18-1 at 5; ECF No. 18-2. On September 18, 2025, the Circuit Court of Anne Arundel held the motion in abeyance pending service on all defendants and directed Plaintiff to request the Court to reconsider the motion upon proof of service. ECF No. 18-1 at 5; ECF No. 18-5. Once served, Defendants A&E and Swirl Films removed the case to this Court on October 27, 2025 on the basis of diversity jurisdiction and then subsequently filed a motion to dismiss on November 3, 2025. ECF Nos. 1, 13.

On November 13, 2025, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice in which he requests that the Court dismiss this action without prejudice or, in the alternative, stay proceedings pending Plaintiff's medical recovery. ECF No. 18 at 1. Plaintiff notes that both the S.D.N.Y. case and the case before this Court arise from the same underlying events but contends that the two-dismissal rule (which is described below) does not apply given that Plaintiff is proceeding by a motion under Rule 41(a)(2) rather than a notice under Rule 41(a)(1)(B). ECF No. 18-1 at 4 n.1. The Court stayed

2

briefing on Defendants' motion to dismiss to allow for briefing on whether Plaintiff's motion to dismiss should be with or without prejudice. ECF No. 19.

Defendants A&E and Swirl Films argue that Plaintiff's motion should be construed as a dismissal with prejudice as the two-dismissal rule applies and Plaintiff failed to renew his request to stay the action after service was complete. ECF No. 20 at 4–5. In his reply brief, Plaintiff argues that a dismissal without prejudice is the only equitable outcome given his severe medical incapacity and the early posture of the action. ECF No. 21 at 1.

## II.  Discussion

Under Rule 41, a voluntary dismissal can occur without a court order when the plaintiff either files a notice of dismissal before the opposing party serves an answer or a motion for summary judgment or by stipulation of dismissal signed by all parties who have appeared, or by a court order at the plaintiff's request. Fed. R. Civ. P. 41(a). Generally, a voluntary dismissal is without prejudice, "[b]ut if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits" and prevents the institution of another action on the same claim. Fed. R. Civ. P. 41(a)(1)(B); *see Manning v. South Carolina Dep't of Highway and Public Transp.*, 914 F.2d 44, 47 & n.3 (4th Cir. 1990) (citing 9 C. Wright & A. Miller, *Fed. Prac. & Proc. Civ.* § 2368 (4th ed.)). This is referred to as the "two-dismissal rule."

"The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.*; *see also Lang v. Mfrs. &*

3

*Traders Tr. Co.*, 274 F.R.D. 175, 181 (D. Md. 2011) (discussing the operation of Rule 41(a)(2)). In deciding a motion to dismiss under Rule 41(a)(2), "a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 178–79 (4th Cir. 2008) (citing *Miller v. Terramite Corp.*, 114 F. App'x. 536, 540 (4th Cir. 2004)) (internal quotations omitted).

Plaintiff contends that the fact that he filed a motion to dismiss rather than a notice of dismissal means that the two-dismissal rule does not apply. But framing the request as a "motion" as opposed a "notice" does not change the analysis; rather, the pertinent distinction is based on whether the requests are voluntary or involuntary and whether the defendants would be prejudiced. *See* 9 C. Wright & A. Miller, *Fed. Prac. & Proc. Civ.* § 2368 (4th ed.). There is no question that Plaintiff's dismissal in the initial action was voluntary, and the current request is also clearly voluntary. Defendants A&E and Swirl Films have already expended effort and expense in responding to an emergency motion in the S.D.N.Y. case, removing the Circuit Court case to this Court, and filing a motion to dismiss before this Court. While prejudice "does not result from the prospect of a second lawsuit," it does from the prospect of having to respond to a **third** lawsuit. *Howard*, 302 F. App'x at 179. Therefore, the Court finds that, if the Court were to grant dismissal, it would be with prejudice.

Insofar as dismissal would be with prejudice, Plaintiff has requested that the Court not grant dismissal but instead grant a stay of all proceedings until Plaintiff is medically able to participate. ECF No. 18 at 12. The Court finds that there is good cause

to provide Plaintiff with additional time to respond to Defendants' motion to dismiss, but Plaintiff has not demonstrated that an indefinite stay is appropriate at this moment. Therefore, the Court will grant Plaintiff an extension to file a response to the motion to dismiss. Should Plaintiff's counsel continue to believe that Plaintiff is incapacitated to the point where Plaintiff's counsel is unable to respond to the motion to dismiss, she must file a motion for further extension, including evidence of Plaintiff's medical situation.

### III. Conclusion and Order

For the aforementioned reasons, the Court hereby ORDERS as follows:

1. Plaintiff's motion to dismiss without prejudice or for a temporary stay of proceedings (ECF No. 18) is DENIED; and

2. Plaintiff is directed to file a response to Defendants' motion to dismiss (ECF No. 13) within 45 days of the date of this Order.

Date: February 24, 2026

_____/s/_____
Adam B. Abelson
United States District Judge